UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JUSTIN MICHAEL WOLFE<br>    *Petitioner*,<br><br>    v.<br><br>HAROLD CLARKE, Director of Virginia<br>Department of Corrections,<br>    *Respondent*. | Case No. 1:22-cv-00700 (MSN/JFA) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Respondent's Motion for Reconsideration (ECF 36).

The Court previously dismissed Justin Wolfe's Amended Petition for Writ of Habeas Corpus because it was untimely and procedurally defaulted. ECF 35 ("Mem. Op."). In the petition, Wolfe sought relief from a forty-one-year term of imprisonment that followed his guilty plea to murder, conspiracy to distribute marijuana, and use of a firearm in the commission of a felony, on the basis that the prosecution was unconstitutionally vindictive and that prosecutors violated his due process rights by denying Wolfe "a credible direct and rebuttal witness," Owen Barber. ECF 22 ("Am. Pet.") at 25. The Court held, however, that even if Wolfe's petition were timely, because the state court based its dismissal of Wolfe's petition on an adequate and independent state procedural rule, his petition was procedurally defaulted. And although Wolfe argued that his actual innocence cured the default, the Court held that he had not pointed to any "new reliable evidence" that would support evaluating the actual innocence gateway to overcome this procedural default. Mem. Op. at 13-14 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)).

1

Wolfe now argues that the dismissal of his petition should be reconsidered and amended on two grounds. First, he argues that the Court erred in holding that actual innocence does not provide an exception to the statute of limitations. Second, he argues that the Court applied the wrong standard in concluding that Barber's most-recent declaration was not "new reliable evidence" for purposes of the *Schlup* actual innocence gateway.

The Court agrees with Wolfe on the first point but not the second. Wolfe is correct that Supreme Court precedent establishes that a showing of actual innocence can overcome untimeliness. The Court's previous holding that Wolfe's petition was untimely cannot stand if Wolfe can make a showing of actual innocence. But ultimately that does not help Wolfe because he has not provided "new reliable evidence" relative to when he entered his guilty plea that demonstrates actual innocence. Accordingly, Wolfe's motion will be granted in part and denied in part, but his petition will remain dismissed.

## I.     Statute of Limitations

Wolfe's petition was filed one day late. Mem. Op. at 10. In briefing the petition, Wolfe argued that the Court should "equitably toll the statute of limitations." Am. Pet. at 29. The Court rejected this argument, relying heavily on *Rouse v. Lee*, 339 F.3d 238 (4th Cir. 2003) (en banc), because Wolfe failed to address the elements for equitable tolling. Mem. Op. at 10-12. Under *Rouse*, the "length of the delay" or the strength of the underlying claim is not what matters; instead, it is "the reasons for delay." *Rouse*, 339 F.3d at 251, 253. Wolfe did not provide any reasons for the delay.

Although Wolfe had previously offered a "cursory suggestion" that "'one day's grace' should be extended to him 'on grounds of actual innocence,'" he had not provided any authority to support that contention. Mem. Op. at 12 (quoting Am. Pet. at 29). Because *Rouse* flatly rejected

any "consideration of the merits of time-barred claims to creep into the equitable tolling analysis," the Court understood *Rouse* to foreclose Wolfe's suggestion. 339 F.3d at 251.

Wolfe now provides the necessary authority. After the Fourth Circuit's opinion in *Rouse*, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass," including when the procedural bar is the "expiration of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). Because this Court's opinion conflicted with the binding authority in *McQuiggin*, it was "a clear error of law," and it is appropriate to amend the order previously entered pursuant to Rule 59(e). *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Accordingly, if Wolfe were able to demonstrate his actual innocence, his petition would overcome the otherwise-applicable statute of limitations bar.

## II. Actual Innocence Gateway

The Court previously held in the alternative, however, that even if Wolfe's petition were timely, he could not overcome the other procedural default because he could not establish his actual innocence. Under *Schlup*, Wolfe must present "new reliable evidence" to make out a showing of actual innocence. 513 U.S. at 324; *see also Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1998) ("[A] petitioner must offer 'new reliable evidence … that was not presented at trial.'" (quoting *Schlup*, 513 U.S. at 324)). The Court held that Barber's most recent declaration was not "new" evidence because it did not "offer any evidence surrounding Petrole's murder that is 'new' relative to when Wolfe entered a plea." Mem. Op. at 13.

Wolfe now argues that the Court clearly erred in this holding by applying "an artificially high legal standard." ECF 36-1 at 2. While noting that the Fourth Circuit "has not weighed in," Wolfe argues that "some circuits require newly *presented* evidence, while others require newly

3

*available* evidence." *Id.* at 6. Wolfe argues that this Court "did not apply either standard" and that Wolfe satisfies both. *Id.* at 7.

The Court did not clearly err, in large part because, as Wolfe acknowledges, the Fourth Circuit "has not weighed in" on this purported distinction. ECF 36-1 at 6. The Court applied binding Supreme Court and Fourth Circuit precedent to assess whether Barber's most recent declaration is "new reliable evidence." In *Schlup*, the Supreme Court instructed that a petitioner must provide "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." 513 U.S. at 324.[1] Because Wolfe pled guilty—and there was no trial—the pertinent question then becomes whether Wolfe has presented reliable evidence that is "'new' relative to the time he entered his guilty plea." *Dick v. Muse*, 2014 WL 4854689, at *2 (E.D. Va. Sept. 29, 2014); *see Royal*, 188 F.3d at 244. As the Court previously explained, Barber's most recent declaration is not "new reliable evidence" pertaining to Wolfe's purported innocence because it does not contain new information concerning Petrole's murder: Barber's most recent explanation of events is consistent with the version of events he offered in his previous testimony in Wolfe's federal habeas proceedings, which the Fourth Circuit had already considered when it permitted the Commonwealth to retry Wolfe for capital murder. Mem. Op. at 13. The Barber declaration simply offers no new information relative to when Wolfe entered his guilty plea.

It is true that "[s]ome circuits require the petitioner to present 'newly discovered' evidence as opposed to evidence that is merely 'newly presented,'" but this is a distinction without a

---

[1] Five justices joined the Court's opinion in *Schlup*. Justice O'Connor wrote a concurrence "to explain, in light of the dissenting opinions, what I understand the Court to decide and what it does not." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring). She then explained that "[t]he Court holds that … [in order to establish an actual innocence gateway], a petitioner … must show that it is more likely than not that no reasonable juror would have convicted him in light of newly *discovered* evidence of innocence." *Id.* (emphasis added).

4

difference here for several reasons. *Dick*, 2014 WL 4854689, at *2. First, when there is no trial, it is hard to see how the "newly presented" standard would ordinarily apply, as there is no trial in which evidence was presented. Second, in Wolfe's case, however, the information concerning Petrole's murder in Barber's most recent declaration had in fact already been presented and considered by this Court and the Fourth Circuit in previous habeas proceedings. At bottom, then, Wolfe's contention boils down to an argument that what is "new" in Barber's most recent declaration is confirmation that his exculpatory testimony would have been unavailable to Wolfe at trial. But even if that were the key question, the Fourth Circuit already held that, at the time Wolfe pleaded guilty, these statements were available to Wolfe under several different avenues because the state court was "readily capable" of remedying the constitutional issues surrounding the prosecutors' meeting with Barber. *See Wolfe v. Clarke*, 718 F.3d 277, 289-90 (4th Cir. 2013). Wolfe's argument that Barber's exculpatory testimony was not "reasonably available at the time of the plea" takes issue with the Fourth Circuit's previous holding, which this Court must faithfully apply.

Finally, there are other problems with Wolfe's position that exemplify why Barber's most recent declaration is not "new reliable evidence" under *Schlup*. The Barber declaration is not the type of "new reliable evidence" envisioned by the Supreme Court in *Schlup*. The Supreme Court explained that "new reliable evidence" could be "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence … that was not presented at trial." 513 U.S. at 324. Barber's most recent declaration is nothing of the sort—it is Barber's most recent purported version of events, and as the Fourth Circuit has noted, Barber has a "track record" of repeatedly changing his account. *Wolfe*, 718 F.3d at 289. And taken to its logical end, Wolfe's position would disrupt the carefully calibrated balance of "finality, comity, and conservation of scarce judicial

resources with the individual interest in justice that arises in the extraordinary case." *Schlup*, 513 U.S. at 324. The Supreme Court explained that "[c]laims of actual innocence pose less of a threat to scarce judicial resources and to principles of finality and comity" because, in order "[t]o be credible, such a claim requires … new reliable evidence … [which] is obviously unavailable in the vast majority of cases." *Id.* With that understanding of the role of "new reliable evidence," it cannot be the case that after a witness has already told two sides of the same story, each time he vacillates between them there is "new" evidence that warrants full evaluation of a petitioner's actual innocence to overcome an otherwise defaulted petition.

Accordingly, it is hereby

**ORDERED** that Petitioner's Motion to Amend/Correct the Judgment (ECF 36) is **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that the Memorandum Opinion at ECF 35 is amended to be consistent with this Order; and it is further

**ORDERED** that the Amended Petition for Writ of Habeas Corpus remains **DISMISSED** and the Clerk shall keep this civil action closed.

It is **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

August 8, 2024
Alexandria, Virginia

6