IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

**JUSTIN MICHAEL WOLFE**, No. 1139246,
      Petitioner,

v.                                            Civil Action No. 1:22-cv-700

**HAROLD W. CLARKE,**[1] **Director,**
      Virginia Department of Corrections,
           Respondent.

## DIRECTOR'S UNOPPOSED MOTION TO STAY
## PENDING RESOLUTION OF HIS PETITION FOR WRIT OF CERTIORARI

In response to this Court's order directing the parties to present a joint report on the status of this matter, the Director respectfully moves this Court to stay this case pending resolution of the Director's forthcoming petition for writ of certiorari seeking review of the Fourth Circuit's decision in this case. The Court possesses inherent authority to manage its docket in an efficient manner. A stay would promote judicial efficiency by avoiding burdensome litigation in this Court that may be wholly unnecessary if the Supreme Court grants the Director's petition and agrees with their legal position that the Petitioner's claims are subject to immediate dismissal. And the Petitioner does not oppose the motion to stay this matter.

### BACKGROUND

1.      On January 22, 2002, a jury convicted Wolfe in the Circuit Court of Prince William County, Virginia, of hiring Owen Barber to murder Daniel Robert Petrole, Jr., illegal use of a

---

[1] Chadwick S. Dotson succeeded Harold W. Clarke as the Director of the Virginia Department of Corrections. Accordingly, the style of the case should be amended to substitute Mr. Dotson as the proper named party-respondent. *See* Fed R. Civ. P. 17 (d) and Fed R. Civ. P. 25(d).

firearm, and conspiracy to distribute marijuana. The jury sentenced Wolfe to death, finding that both Wolfe's future dangerousness and the vileness of the murder were aggravating circumstances, and the Supreme Court of Virginia unanimously affirmed.

2. After Wolfe received federal habeas corpus relief, those convictions were vacated and the matter was remanded for a new trial. Before his re-trial, however, Wolfe pleaded guilty to three charges: first-degree murder; use of a firearm in the commission of a felony; and conspiracy to distribute marijuana. After a plea colloquy and stipulation of the evidence, the state trial court accepted Wolfe's guilty pleas, concluding that the pleas were knowing and voluntary and that Wolfe was guilty of the charges. After hearing the Commonwealth's proffered evidence, Wolfe admitted on the record that he was responsible for Petrole's murder. The trial court sentenced Wolfe to 60 years on the murder charge (with 27 years suspended); 3 years on the firearm charge; and 20 years on the marijuana charge (with 15 years suspended),ordering that the resulting 41 years of incarceration be served consecutively. Wolfe's attempts to appeal his convictions were unsuccessful, and he did not seek habeas corpus relief in state court.

3. Wolfe filed his initial petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court one day late on June 22, 2022. (ECF No. 1). Wolfe, with leave of court, filed an amended petition and supporting documents on May 31, 2023. (ECF No. 22). In his amended petition, Wolfe sought to present a *Schlup*[2] actual innocence gateway claim to excuse his time-barred petition. Wolfe attempted to support his actual innocence claim with Owen Barber's 2023 declaration, in which Barber claimed that he testified truthfully about Wolfe's involvement in the murder in his December 14, 2005 affidavit and in his testimony in federal court. The Director filed its motion to dismiss the amended petition on August 4, 2023. (ECF Nos. 29-30).

---

[2] *Schlup v. Delo*, 513 U.S. 298 (1995).

4.      On March 28, 2024, this Court granted the Respondent's motion to dismiss the amended petition, finding that Wolfe's petition was not timely filed and that Wolfe could not excuse the lateness of his petition because he failed to present "new reliable evidence" of his innocence. (ECF No. 35).  Wolfe filed a motion for reconsideration, arguing that this Court applied the wrong standard in concluding that Barber's 2023 declaration was not "new reliable evidence" for the purposes of *Schlup*.  (ECF No. 36).  After the Director filed his responsive pleading (ECF No. 37), this Court again concluded that Barber's 2023 declaration contained no new information relative to when Wolfe entered his guilty plea in 2016.  (ECF No. 40).  The Court further found that Barber's 2023 declaration was "not the type of 'new reliable evidence' envisioned by the Supreme Court in *Schlup*" because it came from a witness that "has already told two sides of the same story, each time he vacillates between them."

5.      On August 21, 2024, Petitioner filed a notice of appeal with respect to the Court's denial and dismissal of his habeas petition.  (ECF No. 42).  After receiving briefing and oral argument for both parties, the Fourth Circuit issued its opinion reversing this Court's judgment on July 7, 2025.  (ECF No. 45). On the issue of whether the *Schlup* actual innocence standard requires "newly discovered" or "newly presented" evidence of actual innocence, the Fourth Circuit held that the "newly presented" standard applies.  Next, the Fourth Circuit found that Barber's 2023 declarations of Wolfe's innocence were "new" for the purposes of *Schlup* because those statements upset the "status quo" that existed at the time of trial because Barber was now "willing to provide a contemporaneous declaration exculpating Appellant."  The Fourth Circuit then found that the statements in Barber's 2023 declarations were "reliable" evidence of Wolfe's actual innocence. And finally, the Fourth Circuit concluded that it was more likely than not that no reasonable juror would have found Wolfe guilty beyond a reasonable doubt under these facts.

6.  On August 8, 2025, this Court ordered the parties to submit a joint report by August 22, 2025, regarding the status of this action upon remand. (ECF No. 49). The Court also scheduled a status conference to be held on September 5, 2025, at 10:00 a.m.

## ARGUMENT

7.  The Court should stay proceedings pending resolution of the Director's petition for writ of certiorari. If the Supreme Court grants the Director's petition and reverses, this case would be fully dismissed. Thus, any litigation conducted in the meantime would be a waste of resources for both the Court and the parties. And finally, the Petitioner does not oppose a temporary stay of proceedings. For these reasons, this Court should grant the Director's motion to stay pending resolution of their petition for writ of certiorari.

8.  The Court's authority to stay proceedings is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). To properly exercise that discretion when deciding whether to enter a stay, courts must "balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (quoting *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977)). The primary three factors for a court to consider include "(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party." *Redding v. Mayorkas*, No. 1:23-cv-1325, 2024 U.S. Dist. LEXIS 28878, *9 (E.D. Va. Feb. 5, 2024) (brackets and internal quotation marks omitted). The Director submits that all three relevant factors support the granting of a stay.

9.      First, a stay will serve judicial economy by ensuring that the parties and this Court do not expend resources through discovery and pretrial preparations in a case where the action may be dismissed in its entirety by subsequent rulings in the Supreme Court. The Director intends to seek Supreme Court review of the Fourth Circuit's holdings with respect to whether the Petitioner has presented "new, reliable evidence" of actual innocence. This Court has previously acknowledged a circuit split on this issue. (ECF No. 35). If the Director prevails on the issue of what constitutes "new reliable evidence" under *Schlup*, this case would be subject to immediate dismissal in a manner consistent with this Court's former ruling. Therefore, if this case continues in this Court while the Director's petition for certiorari is pending, the parties (and the Court) will risk wasting immense resources if the Supreme Court ultimately agrees with the Director's position.

10.     Second, without a stay, the Director will be forced to proceed through costly discovery and summary judgment in a case where the Supreme Court may reinstate this Court's original decision to dismiss the Petitioner's action in its entirety. Just as the Petitioner was entitled to a review of this Court's decision, the Director is entitled to have a full opportunity to challenge the decision of the Fourth Circuit. In addition, the denial of a stay of proceedings in this case would "compel the taxpayers of the State to fund district-court litigation that could ultimately prove moot and force counsel to divide their attention between two forums." *B.P.J. v. West Va. State Bd. of Educ.*, No. 2:21-cv-316, 2024 U.S. Dist. LEXIS 101845, at *10 (S.D. W.Va. June 7, 2024) (finding that allowing the district court proceedings to proceed during the pendency of Supreme Court review "would both injure [the moving party] and go against the public interest" because it is "in the public interest to prevent taxpayers from funding litigation that may be rendered moot by pending appeal").

5

11. Third, although Petitioner would experience some delay in litigating his claims, a stay would also protect him from expending resources. Moreover, the Director's petition is due or before October 6, 2025, and if that Court denies the petition, the parties can resume litigation soon thereafter, likely resulting in a maximum delay of only a few months. And finally, the Director has consulted with the Petitioner regarding this motion, and the Petitioner has stated that he does not oppose the motion.

12. District courts, including those in this Circuit, frequently stay proceedings pending resolution of a petition for certiorari. *See*, *e.g.*, *Guthrie v. PHH Mortg. Corp.*, No. 7:20-cv-43, 2024 U.S. Dist. LEXIS 19054, at *2-3 (E.D.N.C. Jan. 26, 2024); *Upstate Forever v. Kinder Morgan Energy Partners, L.P.*, No. 8:16-cv-4003, 2018 U.S. Dist. LEXIS 228497, at *5-6 (D.S.C. July 13, 2018); *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, No. 3:15-cv-14887, 2018 U.S. Dist. LEXIS 247183, at *4-8 (S.D. W. Va. Apr. 30, 2018); *Philipp v. Federal Republic of Germany*, 436 F. Supp. 3d 61, 70 (D.D.C. 2020); *Peaceable Planet, Inc. v. Ty, Inc.*, No. 01 C 7350, 2004 U.S. Dist. LEXIS 13006, *4-5 (N.D. Ill. July 12, 2004). Indeed, the Fourth Circuit has long recognized that a district court may issue a stay "pending the outcome" of a *different* yet "similar suit." *Amdur v. Lizars*, 372 F.2d 103, 106 (4th Cir. 1967); *see also Hickey v. Baxter*, 833 F.2d 1005 (4th Cir. 1987) (table) ("We find that the district court acted within its discretion in staying proceedings while awaiting guidance from the Supreme Court in a case that could decide relevant issues."). Given the risk of wasting judicial and party resources and given the fact that the Director's petition for writ of certiorari will raise issues that would warrant dismissal of this action, the Court should enter a brief stay until the Supreme Court acts on the Director's forthcoming petition for writ of certiorari. Finally, the Director intends to be present for the status

conference currently set for September 5, 2025, but asks this Court to continue that hearing in the event that the Court grants the unopposed motion for a stay prior to the date of that hearing.

## Conclusion

13. For these reasons, the Court should grant this unopposed motion to stay all proceedings pending resolution of the Director's forthcoming petition for writ of certiorari.

Respectfully submitted,

**CHADWICK S. DOTSON,**
  **DIRECTOR OF THE**
  **DEPARTMENT OF CORRECTIONS,**

By:    /s/ _____
Liam A. Curry
Assistant Attorney General
Virginia State Bar No. 87438
Attorney for Respondent
OFFICE OF THE ATTORNEY GENERAL
202 North 9th Street
Richmond, Virginia 23219
(804) 786-2071    phone
(804) 371-0151    fax
oagcriminallitigation@oag.state.va.us
lcurry@oag.state.va.us

**Certificate of Service**

I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing (NEF) to counsel of record in the case.

/s/
Liam A. Curry
Assistant Attorney General
Counsel for Respondent